United States District Court
District of Minnesota

| | |
|---|---|
| Hani Q. Rashid,<br><br>              Plaintiff,<br><br>v.<br><br>Commercial Recovery Systems, Inc., and Ms. Sims,<br><br>              Defendants. | Court file no. _____<br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

**Jurisdiction**

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") in their illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendants transacts business in Minnesota.

Page 1

**Parties**

4. Plaintiff Hani Q. Rashid is a natural person who resides in Prior Lake, County of Scott, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Commercial Recovery Systems, Inc. ("CRS") is a Texas corporation and debt collector that operates from an address of 8035 East R.L. Thornton Freeway, Suite 220, Dallas, Texas 75228, with a registered agent in Minnesota of C T Corporation System Inc, 100 South Fifth Street # 1075, Minneapolis, MN 55402. CRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Ms. Sims is a natural person that was employed by Defendant CRS at all relevant times, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

*Background*

7. In or before 2012, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely an alleged account with Sears which was used for personal, family, and household purchases.

8. The alleged debt was subsequently transferred, sold, or assigned to LVNV.

9. In or around 2008, LVNV allegedly initiated a lawsuit against Plaintiff. The lawsuit, however, was allegedly served at a residence where Plaintiff did not reside. As a result, LVNV obtained a default judgment in Hennepin County District Court, court file #27-cv-08-17078, for the alleged debt. The judgment was docketed on or about August 12, 2008.

10. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant CRS for collection.

11. Plaintiff first discovered the judgment in or about June 2013. Plaintiff then began contacting LVNV in an attempt to investigate the validity of this alleged debt.

*Defendant Ms. Sims Leaves a Harassing and Misleading Voicemail*

12. On or about July 20, 2013, Defendant CRS's collector contacted Plaintiff by phone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. Defendant Ms. Sims left a voicemail for Plaintiff on his cellular telephone.

14. In the voicemail, Defendant Ms. Sims said:

"This call is for Hani Rashid, my name is Ms. Sims. I have a warrant of execution for a writ of garnishment (inaudible) for a bank levy that I'm about to execute on a defaulted judgment that was filed in Hennepin County, in

which you are in contempt of court for not showing up. This message is in regards to last four social #### [*redacted*] and case number 3849594. Contact Ms. Sims at (214) 380-2066."

Or words to that effect.

15. Upon hearing the message, Plaintiff believed "contempt of court" meant that he could be arrested.

16. According to the court file for the underlying state court matter, Hennepin County District Court has not issued a writ of execution.

17. According to the court file for the underlying state court matter, Hennepin County District Court has not issued an order of contempt for Plaintiff.

18. According to the court file for the underlying state court matter, Hennepin County District Court has not issued an order to show cause in regards to Plaintiff.

19. According to the court file for the underlying state court matter, the creditor that obtained the judgment, LVNV, has not taken action since August 12, 2008, the date the judgment was docketed.

20. The use of the post-judgment garnishment process on behalf of a corporation is the practice of law and can only be done by licensed Minnesota attorneys.

21. The creditor that obtained the judgment, LVNV, is a corporation that must be represented in civil garnishment actions by a licensed Minnesota attorney.

22. Plaintiff is informed and believes that Defendant Ms. Sims is not licensed to practice law in the state of Minnesota.

23. As a result, even if LVNV had obtained a writ of execution, neither Defendant CRS nor Defendant Ms. Sims would be authorized under Minnesota law to serve garnishment paperwork.

24. By threatening to take an action that only licensed Minnesota attorneys can take, Defendant Ms. Sims misrepresented to Plaintiff that she was an attorney licensed to practice law in Minnesota.

25. Defendant Ms. Sims failed to provide the notices required by 15 U.S.C. § 1692e(11), namely, that she did not state that she was a debt collector attempting to collect a debt and that any information would be used for that purpose.

26. The above-described voicemail was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

*Defendant Ms. Sims Harasses Plaintiff*

27. On or about July 22, 2013, Plaintiff returned Defendant Ms. Sims voicemail and contacted Defendant CRS by telephone, this call became a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

28. Plaintiff believes that he spoke with Defendant Ms. Sims, a collector that works for Defendant CRS.

29. Defendant Ms. Sims explained that LVNV had obtained a default judgment, and they were about to execute on the judgment, so Plaintiff could either take of it voluntarily, or they would forcefully take the money, or words to that effect.

30. As previously described, Plaintiff is informed and believes that the Hennepin County District Court has not issued a writ of execution in the underlying state court matter.

31. Defendant Ms. Sims told Plaintiff that an attorney could not help him in regards to this matter, because it had already gone to court, or words to that effect.

32. Defendant Ms. Sims' statement constituted improper, and erreneous legal advice to Plaintiff.

33. Defendant Ms. Sims told Plaintiff that she contacts people before she files any writ, so that they know what's going on, and that way she does not have to sequester bank accounts or place a lien against vehicles, or words to that effect.

34. As described above, neither Defendant CRS nor Defendant Ms. Sims would be authorized under Minnesota law to serve garnishment paperwork, as they are not licensed to practice law in Minnesota.

35. This call was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 1692d, 1692e, 1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692e(11), and 1692f among others.

### Summary

36. All of the above-described collection communications made to Plaintiff by these individual Defendants and other collection employees employed by Defendant CRS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

37. Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form of anxiety, emotional distress, stress, and frustration, amongst other negative emotions.

**Respondeat Superior Liability**

38. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant CRS who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CRS.

39. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the general nature as, the responsibilities these agents were authorized to perform by Defendant CRS in collecting consumer debts.

40. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant CRS.

41. Defendant CRS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection

employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## Trial by Jury

42. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

## Cause of Action

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

43. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

44. The foregoing intentional and negligent acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

45. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against each Defendant for:

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

- for such other and further relief as may be just and proper.

**[signature follows]**

Respectfully submitted,

**The Ryder Law Firm, LLC**

Date: <u>October 23, 2013</u>          <u>s/Randall P. Ryder</u>
Randall P. Ryder (#389957)
2701 University Avenue SE, #209
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3247
e-mail • email@theryderlawfirm.com

Attorney for Plaintiff

## Verification of Complaint and Certification

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Pursuant to 28 U.S.C. § 1746, Plaintiff Hani Q. Rashid having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney(s) and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: Oct 18 2013

Hani Q. Rashid